MICHIGAN RAILROAD COMMISSION *v.* DETROIT &
MACKINAC RAILWAY CO.

1. CONTEMPTS — CARRIERS — RAILROADS — MANDAMUS — RATES —
MICHIGAN RAILROAD COMMISSION—REGULATION.

An order of the Supreme Court, in madamus proceedings,
required the respondent to conform to the requirements
of the Michigan railroad commission fixing the rates of
the defendant railway system. Proceedings in contempt
were instituted charging failure to comply with the final
order of the court. Upon the hearing it was determined
that the defendant company might purge itself of the
contempt by filing a rate in conformity with the order of
the commission within five days of notice of entry of the
order. Negotiations were taken up with the attorney
general to dispose of matters in dispute between the
commission and the railway company, and compliance
with the order of the board was not made until upwards
of eleven days from the service of notice of the entry
of the order. *Held*, that the delay was excusable be-
cause of the negotiations pending between the attorney
general and the respondents.

2. SAME—CARRIERS — RATES—ORDER OF RAILROAD COMMISSION—
CONSTRUCTION.

An order of the railroad commission, fixing certain rates
for the operation of defendant lines, stated that the rates
should apply when the manufactured product was re-
shipped over its lines; when not to be reshipped the rail-
way company might collect in addition to the above rates
fifty cents per thousand feet; if later reshipment was
made over the railway it should refund to the shipper the
fifty cents so collected; indicating that in certain in-
stances it was contemplated that the higher rate should
be charged and the fifty cents refunded after reshipment:
the order being ambiguous, respondent was justified in
exacting the fifty-cent rate in the first instance, and
was not in contempt for failure to comply literally with
the order of the commission as it was intended by the
same.

3. SAME—JOINT RATE—LOGS AND LOGGING—REGULATION.

> The complaint that respondents were in contempt of court
> because a joint rate was adopted by them upon carload
> lots to points on another line, which question was not
> before the court in the previous case, was not a reason
> for adjudging the respondents to be in contempt: it should
> first be passed upon by the railroad commission.

Contempt proceedings by the Michigan railroad commission against the Detroit & Mackinac Railway Company and another to adjudge respondents in contempt of court; also, motion by said respondents to amend and modify the opinion of the court in the case of *Michigan Railroad Commission* v. *Detroit & Mackinac Railway Company*, 184 Mich. 342. Submitted April 6, 1915. (Calendar No. 26,229.) Motion and petition denied April 22, 1915.

*James McNamara* and *Fred A. Baker*, for respondent Railroad Co.

*Grant Fellows*, Attorney General, and *Gillett & Clark*, for relators.

PER CURIAM. On February 4, 1915, an opinion was filed in this court holding the respondents guilty of contempt in failing to literally comply with the order of this court, which commanded them to put into effect certain rates fixed by the relators. It was, however, held that respondents, having acted in good faith and on the advice of competent and reputable counsel, might purge themselves of such contempt if, within five days after service upon them of notice of the filing of that opinion, they did comply literally with the order of the court. Such service was made on February 6, 1915. Immediately after such service negotiations were entered into between the respective parties, in which the attorney general participated, in an effort to compose the matters in dispute. These negotiations seem to have been carried on to February

17th, upon which date proof of service was filed in this court. On the day following, the respondents filed with the railroad commission a tariff known as G. F. D. No. 775*a*, and by its terms made it effective on February 19, 1915. This tariff we understand to be in the exact terms of the railroad commission order, the failure to file which constituted the basis of the finding of this court that respondents were in contempt.

Relators now move the court for the imposition of a penalty upon respondents, alleging that they in fact have not, by their acts, purged themselves, for the following reasons:

"(1) Because respondents did not, within five days from the service of notice of the filing of said opinion, comply literally with the mandate of this court.

"(2) Because respondents have wilfully continued to be in contempt of this court by wilfully refusing to obey the order of this court, in that they insist on charging the extra 50 cents per thousand feet, and rebate the same, if at all, upon a showing that the manufactured product of the logs shipped in had been shipped out over its line, and in that they refused to transport logs in car load lots from points on the Onaway & North Michigan Railroad Company consigned to Alpena upon any other tariff than the joint tariff, which is higher than the combined local tariff."

With reference to the first reason, we think it fairly appears from the papers on file that the delay between the 11th of February, when the rate should have been filed, and the 18th, when it was filed, is excusable, by reason of the negotiations between the parties.

The second contention of relators again raises the question of the construction of the following paragraph contained in the order of the railroad commission, which was put into effect on February 19, 1915:

"Above rates to apply when the manufactured product is reshipped via the Detroit & Mackinac Railway Company. And when not to be so reshipped, the

railway company will collect in addition to the above rates fifty (50) cents per thousand feet. But if later reshipment is made over the Detroit & Mackinac Railway, the company will refund to such shipper the fifty (50) cents per thousand feet collected."

It is shown by relators in this application that the respondents construe this clause as permitting them to charge in all instances the extra 50 cents per thousand feet and to rebate the same only when it is shown that the manufactured product is reshipped via the respondent railway company's lines, and this is urged by relators as a reason why a penalty should be inflicted.

The construction given to this clause of the order by the respondents was urged upon the court in the original contempt proceeding, and we there held that their contention was untenable; this for the reason that they were plainly in contempt in failing to comply with the order of this court by putting into effect the orders of the railroad commission as they were directed by this court to do. Having obeyed the order of the court by filing the rate fixed by the commission, we are of opinion that their contention with reference to its construction may fairly receive consideration.

A careful reading of the clause in question will serve to demonstrate its ambiguity. The last sentence of the clause, "But if later reshipment is made over the Detroit & Mackinac Railway, the company will refund to such shipper the fifty (50) cents per thousand feet collected," indicates very clearly that, in some instances at least, it was contemplated by the commission that the higher rate should be charged and collected and the extra 50 cents refunded only after reshipment over respondent railway company's lines had been made. It would not seem reasonable to suppose that the commission intended one rule to apply to one shipper and another to another shipper; and such a result would be of doubtful legality even

if intended. These views are based wholly upon the language of the clause in question, and are not predicated upon the contention of respondents that to compel them to carry, in the first instance, all logs at the lower rate, collecting the extra 50 cents only after they could make proof that the product had been reshipped over their line, would entail upon them unnecessary hardship and loss. Without determining that the construction given to the clause by the respondents is correct, we are satisfied that it is so far justified as to warrant us in withholding the infliction of a penalty upon relators' theory that, acting under such construction, respondents still continue in contempt.

With reference to the claim that respondents are in contempt by reason of the joint rate insisted upon by them for transportation of logs in car load lots from points on the Onaway & North Michigan Railroad consigned to Alpena, we think it sufficient to say that this question was not before us in the main case, and is one which is properly referable to the railroad commission for adjustment.

Practically coincident with the filing of the motion by relators for the imposition of the penalty, respondents filed a motion for a modification of the opinion filed in the original contempt proceedings and for further directions. Respondents asked that the opinion be modified by holding:

(1) That the railroad company has a right to collect the 50 cents addition to the rates in the first instance, subject to the obligation to refund on all logs the manufactured product of which is shipped out on the railroad. (2) That the rates fixed by the commission did not apply to the narrow gauge branch, formerly known as the Au Sable & Northwestern Railroad. (3) That the rates fixed by the commission did not apply to or modify the joint through rates of the Onaway & North Michigan Railway Company and

the Detroit & Mackinac Railway Company, as fixed by the joint tariff of September 3, 1912.

Touching the first of these contentions, nothing need be added to what has hereinbefore been said. The second and third are matters which should be, and we understand now have been, presented to the railroad commission for action.

Both motions are denied, but without costs.